IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


VINCENT MCDANIELS,

      Plaintiff,

v.                                CASE NO. 1:11-cv-147-MP-GRJ

DEBRA LIVINGSTON, et al.,

      Defendants

_____/


## ORDER GRANTING LEAVE TO PROCEED AS A PAUPER
## AND REPORT AND RECOMMENDATION

      This case is before the Court on Doc. 1, Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C § 1983 ("complaint"); Doc. 2, Plaintiff's motion for leave to proceed as a pauper; and Doc. 5, Plaintiff's request for service.  This case is also before the Court for screening pursuant to 28 U.S.C § 1915, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C § 1915(e)(2).  For the reasons discussed below, it is **RECOMMENDED** that the case be **DISMISSED** for failure to state a claim upon which relief may be granted.

### Plaintiff's Motion to Proceed *In Forma Pauperis*

      Plaintiff's motion to proceed as a pauper (Doc. 2) is **GRANTED** to the extent that the case may proceed without the <u>prepayment</u> of the entire filing fee.  Plaintiff shall pay **$29.60** as an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A); however,

Plaintiff is assessed the total $350.00 filing fee.  The agency having custody of Plaintiff shall forward, **WITHIN THIRTY (30) DAYS** from the date of this Order, the initial partial filing fee of **$29.60** to the Clerk of Court.  A check from a penal institution, a cashier's check, or a money order should be made payable to "Clerk, U.S. District Court."  The following information shall either be included on the face of the payment or attached thereto:  (1) the full name of the prisoner; (2) the prisoner's inmate number and, (3) Northern District  Florida Case Number 1:11-cv-147-MP-GRJ.  Checks or money orders which do not have this information will be returned.

Plaintiff is required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account.  Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00.  These payments shall continue until the filing fee of $350.00 is paid in full.  Accordingly, the **Clerk** shall mail a copy of this Order to: Inmate Accounts, Mayo Correctional Institution, 8784 West U.S. Highway 27, Mayo, FL 32066.

Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him/her lapses in its duty to make payments on his/her behalf.  For this reason, if Plaintiff is transferred to another jail or institution, Plaintiff should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein.  Plaintiff is advised to retain a copy of this Order for this purpose.

## Plaintiff's Allegations

Plaintiff's claims stem from a November 17, 2010 prison disciplinary report at Cross City C.I. for attempted conspiracy.  Plaintiff alleges he was denied due process at his November 23, 2010 disciplinary proceeding at Mayo C.I.  Plaintiff alleges that his due process rights and Florida Department of Corrections rules were violated because officers failed to conduct a complete and impartial investigation and permitted a statement from an investigator after the disciplinary report was issued.  Plaintiff received 30 days of disciplinary confinement as a result of his disciplinary conviction. Plaintiff has named as defendants three officers involved in the investigation and hearing as well as the warden.  Plaintiff seeks compensatory and punitive damages; court costs and fees relating to bringing the instant action; an injunction to prevent Mayo C.I. staff from retaliating against Plaintiff for filing the instant action; and expungement of the disciplinary report from his institutional file.  (Doc. 1.)

## Sandin v. Connor

In *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  When a constitutionally protected liberty interest is implicated, the inmate is entitled to: (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present

documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539 564-66 (1974).   The factfinder's decision need only be supported by "some evidence."  *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455-56 (1985).

Plaintiff's placement in disciplinary confinement for 30 days is not sufficient to trigger constitutional due process protections.  *See Sandin*, 515 U.S. at 486 (thirty-day placement in disciplinary confinement was not atypical or significant enough to trigger due process protection).  Plaintiff does not have a liberty interest in being free from disciplinary confinement.  Accordingly, he has failed to state a claim for a violation of his due process rights in connection with his disciplinary proceedings.

However, even if Plaintiff was entitled to due process protections set forth in *Wolff*, based on the facts alleged in his complaint he was afforded adequate due process.  He received notice of the charges, a hearing, and written statement of the factfinder.  Plaintiff alleges that the disciplinary team erred by relying on statements of Inspector Handley and not reviewing recorded conversations.  (Doc. 1.)  The degree of proof required at a prison disciplinary hearing is significantly lower than that required in a criminal prosecution, and a decision need only be supported by "some evidence." *See Hill*, 472 U.S. at 455-56 (federal courts will not re-weigh the evidence, assess the credibility of the witnesses, or otherwise make a *de novo* review of the proceedings). The disciplinary team appears to have relied on the statements of Inspector Handley, who conducted an investigation and received a sworn statement from a woman who alleged that Plaintiff solicited her to purchase a cell phone and have it sent to an

address of his choice.  (Doc. 1.)  There is no indication that the disciplinary team's findings were without support or otherwise arbitrary.

While Plaintiff's complaint is focused on due process violations, Plaintiff makes reference to a potential First Amendment violation against Defendant Winburn, alleging that her "actions were taken with the intent of chilling Plaintiff's First and Fourteenth Amendment rights."  According to Plaintiff, Defendant Winburn  allegedly failed to conduct a complete and impartial investigation and denied Plaintiff evidence at the hearing.  Plaintiff offers nothing more and therefore Plaintiff's vague allegation of a First Amendment violation is insufficient to raise a claim for violation of the First Amendment.

## Conclusion

For the foregoing reasons, the Court concludes that the complaint fails to state a claim upon which relief may be granted because Plaintiff's placement in disciplinary confinement for 30 days is not sufficient to trigger constitutional due process protections.  Even if Plaintiff were entitled to due process, there is nothing in his complaint that would give rise to a constitutional claim.  Lastly, to the extent Plaintiff raises a First Amendment claim against Defendant Winburn, he has also failed to state a claim upon which relief may be granted.

Accordingly, upon due consideration, it is:

1.  **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, Doc. 2, is **GRANTED.**

2.  Respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

3.  Respectfully **RECOMMENDED** that Plaintiff's request for service, Doc. 5, be

**DENIED AS MOOT.**

**IN CHAMBERS**  this 28th day of November 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

   **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**